IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| vs. | ) | Criminal No. 02-93 |
| GARY LEE | ) | |

AMBROSE, Chief District Judge

## MEMORANDUM ORDER

Defendant was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 1 kilogram or more of heroin, 5 kilograms or more of cocaine, and 50 grams or more of cocaine base and Possession with Intent to Distribute 5 kilograms or more of cocaine. Defendant filed a direct appeal to the Court of Appeals which was pending there until January 15, 2009. The case having been remanded, Defendant's Motion for New Trial Based on Newly Discovered Evidence and Prosecutorial Misconduct (Doc. No. 771) is ripe for disposition.

To prevail on his motion, as it relates to newly discovered evidence, Defendant must establish the following:

1) that the evidence, in fact, is newly discovered;

2) the alleged facts establish diligence on Defendant's part;

3) that the evidence is not merely cumulative or impeaching;

4) that the evidence is material; and

5) that it is of such a nature that it would probably produce an acquittal in a new trial.

*U.S. v. Adams,* 759 F.2d 1099 (3d Cir. 1985).

Defendant's alleged newly discovered evidence is the cross-examination of a Government witness, Edward Myrick, in a separate case which is unrelated to the charges of which Defendant was convicted. Defendant contends that this evidence should have been provided to him prior to trial pursuant to *Brady v. Maryland,* 373 U.S. 83, 87 (1963) and *Giglio v. U.S.*, 405 U.S. 150, 154

(1972).

Myrick was cross-examined by defense counsel in the separate case about his guilty plea in the instant case. In the instant case, Defendant and Myrick were co-Defendants, both charged with conspiracies involving the distribution of heroin, cocaine, and cocaine base. Also in the instant case, Myrick plead guilty to only the cocaine conspiracy. Defense counsel in the separate case questioned Myrick about the heroin conspiracy and the eleven deaths associated with that conspiracy and suggested that Myrick had avoided a life sentence by entering into a deal with the government to plead guilty only to the cocaine conspiracy.

However, Count One of the instant case, as well as the indictment in the separate case make absolutely no mention of a heroin conspiracy causing death. Myrick pled guilty to the same conspiracy for which Defendant was on trial. There was no evidence either during Defendant's trial or during Myrick's change of plea hearing relating to deaths resulting from the heroin conspiracy. Defendant was actually tried for conspiracy relating to both heroin and cocaine and no evidence alleging that heroin involved in the conspiracy caused any death was introduced.

Therefore, there was no evidence of which Defendant was unaware. Defendant knew what the charges against Myrick were and the mistaken characterization of the conspiracy charge by Defendant's attorney in the separate case is not newly discovered evidence.

Defendant also claims that the Government's failure to file a motion for an enhancement of Myrick's sentence from 10 to 20 years, based on Myrick's prior drug conviction, was newly discovered evidence during the separate trial. The trial transcript of Defendant's trial (which occurred before the separate trial) does not support Defendant's contention. The transcript, at pages 103-104, demonstrates that Defendant and his attorney were aware of Myrick's prior drug conviction and of the Government's failure to file a motion to enhance Myrick's sentence based on that prior conviction.

Finally, Defendant contends that the cross-examination of Myrick in the separate trial

demonstrates that Myrick lied in Defendant's trial when testifying about promises or the lack thereof made to Myrick by the Government. Again, the evidence elicited by Defendant's attorney in the separate trial is not newly discovered or exculpatory. In Defendant's trial, Myrick testified, on direct and cross, that he had a prior drug conviction, that the Government could have doubled his mandatory sentence based on that prior conviction, that he was a career offender whose sentence could have been in a substantially harsher advisory guideline range, that Myrick expected the Government to file a motion to further reduce his sentence, that Myrick got a deal from Atlanta authorities who promised not to prosecute him and that he was advised by counsel to cooperate with the Government. The cross-examination in the separate trial was essentially and materially the same and did not constitute newly discovered evidence.

Defendant has not demonstrated that the evidence he proffers is newly discovered and the motion for new trial is denied.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
Chief U.S. District Judge

Dated: January 20, 2009