IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | CR 2-93 |
| vs. | ) | CV 10-127 |
| | ) | |
| GARY LEE | ) | |

**MEMORANDUM ORDER**

In this criminal matter, a jury convicted Defendant for violating 21 U.S.C. § 846 and § 841. He was sentenced on February 22, 2005. This Motion eventually followed, on January 28, 2010.

A threshold matter here concerns the timeliness of Defendant's Motion. Section 2255 imposes a one-year limitation period, which runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255. Relevant here, a judgment of conviction becomes final, if certiorari was sought, when certiorari is denied. Warner v. United States, No. 8-2250, 2009 U.S. Dist. LEXIS 4185, at *6 (D.N.J. Jan. 22, 2009). Also relevant here, "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).

In this case, upon Defendant's Motion, which was based upon his failure to secure his criminal file, this Court extended the filing deadline to December 31, 2009 and ordered defense counsel to transmit Defendant's file to him forthwith. Defendant then filed a motion for reconsideration of that Order, and a motion

for recusal.[1] Both motions were denied, and Defendant appealed from the latter. The Judgment of the Court of Appeals was docketed on September 5, 2008, and the mandate on January 15, 2009. The appeal was denied for lack of jurisdiction. Defendant has submitted a letter from the Clerk of the United States Supreme Court dated January 21, 2009, apprising him that his petition for writ of certiorari had been denied. The present Motion was signed and dated on December 30, 2009, and filed on January 28, 2010.

      This state of affairs raises two issues that must be resolved before I am able properly assess the timeliness of Defendant's <u>habeas</u> petition. First, our docket reflects no petition for certiorari, and no denial thereof. Typically, such activity would appear on this Court's docket, and the parties have offered no explanation for its absence. If Defendant did, in fact, file a petition for certiorari, then the applicable time limitation will run from the date of its denial by the Supreme Court. Second, the mailing envelope that accompanies the present Motion reflects several markings, but dates are not discernable on the copy; there is no other evidence of when the Section 2255 Motion was mailed or delivered into the prison mail system. Defendant's Motion is timely only if application of the so-called "prison mailbox rule" brings it within the applicable limitations period, which would expire on January 21, 2010. Without evidence on these issues, I cannot determine either the date on which the limitations period expired, or

---

[1] With respect to timeliness, Defendant also raises the question of his access to documents from his counsel, Charles Porter. I have already disposed of this issue, and found that Defendant has received all documents to which he is entitled. The timeliness issue, then, concerns only Defendant's writ of certiorari and the time of his mailing.

2

whether Defendant's motion was asserted prior to that date.

I will, therefore, permit Defendant the opportunity to submit additional evidence to support the timeliness of his petition. He may do so by June 9, 2010. The Government may respond by June 18, 2010. The remainder of Defendant's habeas petition will be held in abeyance until the issue of its timeliness is resolved.

IT IS SO ORDERED, this 20th day of May, 2010.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Judge, United States District Court