IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 02-93 |
| | ) |
| GARY LEE | ) |

### MEMORANDUM ORDER

On February 11, 2005, Defendant Gary Lee was sentenced to a total term of 240 months' imprisonment and a 10-year term of supervised release following his conviction of conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, 5 kilograms or more of cocaine, and 50 grams or more of crack cocaine, and possession with intent to distribute five kilograms or more of cocaine. (Docket No. 636). After Defendant's release from imprisonment, his term of supervised released commenced on May 11, 2020.

On November 18, 2025, Defendant filed a Motion for Early Termination of Supervised Release in which he submits that early termination of supervision is warranted by his overall conduct and is in the interest of justice. (Docket No. 1391, ¶ 13). On November 24, 2025, the Government filed a Response indicating that it does not oppose Defendant's Motion. (*See* Docket No. 1394). On November 25, 2025, the United States Probation Office verbally advised the Court that it does not oppose Defendant's request for early termination of supervised release.

Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). In

1

making this determination, the Sentencing Guidelines also instruct that a court must individually assess the need for ongoing supervision. *See* U.S.S.G. § 5D1.4(b) (providing for the possibility of early termination of supervised release "after an individualized assessment of the need for ongoing supervision" if the court determines, "following consultation with the government and the probation officer," that such action "is warranted by the conduct of the defendant and in the interest of justice").

After making an individualized assessment of the need for ongoing supervision in Defendant's case, and considering the applicable § 3553(a) factors here, the Court "is satisfied that early termination is warranted by [Defendant's] conduct and is in the interest of justice." *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3583(e)(1)). As detailed in Defendant's Motion, he has been compliant with his conditions during 5 ½ years of supervision; he appears committed to reforming his behavior; he has maintained stable housing with his wife; he has been steadily employed; and he has shown commitment to his family and his community. (*See* Docket No. 1391, ¶¶ 5-8, 10). Accordingly, the Court enters the following Order:

AND NOW, this 25th day of November, 2025, IT IS HEREBY ORDERED that Defendant's Motion for Early Termination of Supervised Release, (Docket No. 1391), is GRANTED.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

United States Probation Office